UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF COAST BANK AND TRUST COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-2922 |
| M/V "SERENITY," OFFICIAL NO. 1193707, *IN REM*, ROBERT STUFFLEBEAM, *IN PERSONAM* | SECTION SECT. C MAG. 4 |
| | MAG |
| | ADMIRALTY JURISDICTION |

## COMPLAINT

**COMES NOW** Gulf Coast Bank and Trust Company, hereinafter referred to as the "Complainant," a banking association organized under the laws of the State of Louisiana and doing business in the State of Louisiana, with its principal place of business in New Orleans, Louisiana, through undersigned counsel, who alleges:

I.

Complainant at all times hereinafter mentioned, was and is a banking association organized and incorporated under the laws of the United States, with its principal place of business in New Orleans, Louisiana.

II.

This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1333(l) and the Ship Mortgage Act, 46 U.S.C. §§ 30101 and 31301-31343. This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil

Fee 350.00
___Process___
x Dktd
___CtRmDep___
___Doc. No.___

Procedure, and also within the provisions of Supplemental Rule C of the Federal Rules of Civil Procedure.

III.

The vessel, M/V "SERENITY," OFFICIAL NO. 1193707, is now within the Eastern District of Louisiana and within the jurisdiction of this Honorable Court and is hereinafter referred to as the "Vessel."

IV.

Upon information and belief, Robert Stufflebeam is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

V.

On November 9, 2006, the Vessel was owned by Robert Stufflebeam.

VI.

On November 9, 2006, Robert Stufflebeam, for good and valuable consideration, executed a negotiable promissory note in the amount of $97,500.00, payable to the order of Complainant (the "Promissory Note"), who is the present holder in due course of the Promissory Note. Defendant, Robert Stufflebeam is liable for all amounts due unto Complainant under the Promissory Note.

VII.

The terms of the Promissory Note are as set forth therein, and a copy of the Promissory Note is attached hereto and made a part hereof and is marked "Exhibit A". The Promissory Note provided that, if default occurred, all remaining principal sums plus

accrued interest would immediately be due and payable. If suit were commenced to enforce the terms of the Promissory Note, Defendant, Robert Stufflebeam, agreed to pay reasonable attorney's fees and costs.

VIII.

On or about November 9, 2006, in order to secure the prompt and punctual payment of the Promissory Notes described above, Defendant, Robert Stufflebeam (hereinafter sometimes referred to as "Mortgagor"), in accordance with the Ship Mortgage Act of 1920, as amended, executed and delivered to Complainant a First Preferred Ship Mortgage covering the Vessel and by the terms of that mortgage, assigned, pledged, mortgaged, set over and conveyed the Vessel, her engines, tackle, etc. to Complainant to secure the payment of the Promissory Notes described above, and all other obligations of the preferred mortgaged described in this paragraph (the "Mortgage"). A photocopy of the Mortgage is attached hereto as Exhibit "C" and is fully incorporated herein by reference.

IX.

On or about November 9, 2006, and at all times since, the Vessel was, and has been, duly enrolled under the laws of the United States, authorized to engage in the coastwise and registry trades, with their home port at New Orleans, Louisiana.

X.

Exhibit "C" described above, the First Preferred Ship Mortgage referred to as the Mortgage, was duly and validly executed in accordance with the laws of the United States

of America and was duly registered at the National Vessel Documentation Center at Book Batch No. 555102, Doc. ID 6350494 on November 20, 2009. The Mortgage did not stipulate that the mortgagee waived its preferred status. All other requirements of the Ship Mortgage Act of 1920, as amended, were met or caused to be met, either by Complainant mortgagee or the Coast Guard Documentation Officer. The mortgage debt is a valid preferred ship mortgage lien, and mortgagee is entitled to the priority accorded it as a matter of law.

XI.

By the terms and provisions of the Mortgage, Exhibit C, Mortgagor admitted that it was justly indebted to the Complainant in the sum of $97,500.00. Defendant, Robert Stuffflebeam has breached its agreement set forth in the Promissory Note described as Exhibit A above and have refused and neglected to pay the indebtedness secured by the Mortgage described above in accordance with its terms.

XII.

The Promissory Note as Exhibit A was executed by Robert Stuffflebeam.

XIII.

The Promissory Note sued upon as Exhibit A herein provides for a rate of interest of 9.790% per annum, however in the event of a default, the default rate is 18.00% per annum. Therefore, interest continues to accrue from October 17, 2012, until paid at the default rate of 18.00% per annum.

XIV.

The Promissory Note, Exhibit A, is in default as no payment has been made since June 20, 2011; and Complainant has, and hereby does, accelerate all sums due under the Promissory Note. There is presently due and owing under the Promissory Note the unpaid principal sum of $92,008.11, together with accrued interest in the amount of $2,977.51, through October 17, 2012, and late charges in the amount of $237.28.

XV.

Complainant has incurred and will incur reasonable attorney's fees, collection costs and expenses, and may be caused to make advances and sustain damages by reason of the defaults of the Defendants, all in amounts not presently ascertainable.

XVI.

Complainant seeks both in rem relief against the Defendant Vessel, as well as in personam relief against Defendant, Robert Stufflebeam, all in accordance with Section 31325 of Title 46, United States Code, and Supplemental Rule C, of the Federal Rules of Civil Procedure.

XVII.

Complainant seeks the appointment of Gulf Coast Bank and Trust Company as keeper or substitute custodian of the Vessel as authorized by the Mortgage on Page 4, wherein it states:

> Should any and all of the Vessel be seized as an incident to an action for the recognition or enforcement of this Ship Mortgage, by executory process, sequestration, attachment, writ of fieri facias or otherwise, Grantor hereby agrees that the court issuing such order shall, if requested by Lender, appoint Lender, or any agent designated by Lender, as a Keeper of the Vessel as Provided under La. R.S. 9:5136, et seq. Grantor agrees to pay the reasonable fees of such Keeper, which are hereby fized at $25.00 per hour. Any fees paid to the Keeper by Lender shall be secured by this Ship Mortgage as an additional expense.

The Vessel at the present time is currently being stored at **221 Lake Marina Dr., New Orleans, Louisiana, Pier 3 slip 21,** within the Eastern District. The Vessel is believed to be currently in

an operation status. Complainant seeks the following Order of this Honorable Court:

    A.    Appointing Gulf Coast Bank and Trust Company as keeper and substitute custodian of the Vessel pending Marshal's Sale, authorized to protect, store and maintain the Vessel at **Southshore Harbor, 6701 Stars & Stripes Blvd., New Orleans, Louisiana, Pier 8 Slip 3.**

    B.    Authorizing Gulf Coast Bank and Trust Company to move the Vessel after seizure to **Southshore Harbor, 6701 Stars & Stripes Blvd., New Orleans, Louisiana, Pier 8 Slip 3** for storage pending Marshal's sale, which anticipated move will be accomplished by **Murray Yacht Sales, 6510 Spanish Fort Boulevard, New Orleans, LA 70124.**

### XVIII.

It is contemplated that the United States Marshal will seize the Defendant Vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and does not include charges for wharfage and other services usually associated with safekeeping vessels similar to this Vessel. Gulf Coast Bank and Trust Company agrees to assume the responsibility for safekeeping the Vessel and has consented to act as the substitute custodian upon the order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular Vessel, at a rate which is exceeded by the rate charged by the United States Marshal for said services. In any case, the transfer of the Defendant Vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

### XIX.

Complainant has contracted adequate facilities and supervision for proper maintenance and safekeeping of the Vessel, their engines, tackle, appurtenances, furnishings, etc., at

**Southshore Harbor, 6701 Stars & Stripes Blvd., New Orleans, Louisiana, Pier 8 Slip 3**

Complainant has presented proof of insurance to the United States Marshal sufficient to respond in damage to the Defendant Vessel, their engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults or negligence of said substitute custodian or its agents. Furthermore, Gulf Coast Bank and Trust Company has agreed to hold harmless the United States Marshal and the United States of America in connection with the appointment of Gulf Coast Bank and Trust Company as substitute custodian.

**WHEREFORE**, the complaint considered, Complainant prays as follows:

1. That process, in due form of law, according to the course and practice of this Honorable Court in the causes of admiralty and maritime jurisdiction, may issue against the M/V "SERENITY," OFFICIAL NO. 1193707, its rigging, tackles, apparel, furniture, engines, bunkers and all other necessaries thereto appertaining and belonging, and that all persons claiming any interest in said Vessel be duly cited to appear and answer the matters aforesaid, and that Defendant, Robert Stufflebeam, be cited to appear and answer this verified Complaint; and that the Vessel may be condemned and sold to pay the demands and claims aforesaid, with interest and costs, and to pay any and all other amounts required to be paid to the Complainant under the Preferred Ship Mortgage, together with interest, costs and attorney's fees and that Complainant may have such other and further relief as in law and in justice it may be entitled to receive.

2. That the Mortgage, the Preferred Ship Mortgage as Exhibit C, be declared to be a valid and subsisting lien in the full sum of $97,500.00, together with contractual interest, attorney's fees and all costs as provided for therein, plus all amounts which may have been or are required to be disbursed by Complainant for the care, insuring, preservation, storage and mooring

of Defendant Vessel, and all other advances, expenses, attorney's fees, costs and disbursements by Complainant, together with post-judgment interest at the default rate of 18.00% per annum, such liens to be superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever.

3. That judgment be had in favor of Complainant, Gulf Coast Bank and Trust Company, and against Defendant, M/V "SERENITY," OFFICIAL NO. 1193707, in rem, and against Defendant, Robert Stufflebeam, in personam, in the principal sum of $92,008.11, together with accrued interest in the amount of $2,977.51, through October 17, 2012, and late charges in the amount of $237.28, and all other advances, expenses, attorney's fees, costs and disbursements by Complainant, together with post-judgment interest at the rate of 18.00% per annum.

4. That this Honorable Court shall direct the manner in which actual notice of the commencement of this complaint shall be given by Complainant to the master, other ranking officer or caretaker of said Vessel, and to any persons, firms or corporations having any interest therein.

5. That warrants of arrest and seizure be issued.

6. That Gulf Coast Bank and Trust Company be appointed as substitute custodian of the Vessel pending Marshal's Sale, and that it be authorized to move, store and maintain the Vessel immediately after seizure by the Marshal, and to store the Vessel at its location in Louisiana within the Eastern District deemed to be safe by the substitute custodian for keeping pending the Marshal's Sale of the Vessel.

7. That Gulf Coast Bank and Trust Company be authorized to move the Vessel from its present location, **using Murray Yacht Sales to tow the Vessel to Southshore Harbor, 6701**

**Stars & Stripes Blvd., New Orleans, Louisiana, Pier 8 Slip 3.**

<div style="text-align: right;">

NEWMAN, MATHIS, BRADY & SPEDALE
A Professional Law Corporation
212 Veterans Boulevard
Metairie, Louisiana   70005
Ph: (504) 837-9040; Fax: (504) 834-6452

</div>

BY: _____
     WAYNE A. MAIORANA, JR. (28133)

PLEASE SERVE:

Mr. Robert Stufflebeam
2000 Lakeshore Drive
New Orleans, LA 70114

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| GULF COAST BANK AND TRUST COMPANY | CIVIL ACTION |
| | NO. |
| VERSUS | SECTION |
| M/V "SERENITY," OFFICIAL NO. 1193707, *IN REM,* ROBERT STUFFLEBEAM, *IN PERSONAM* | MAG |
| | **ADMIRALTY JURISDICTION** |

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned authority, personally came and appeared:

WAYNE A. MAIORANA, JR.

who, after being duly sworn, did depose and say:

That he is the attorney of record for the plaintiff, Gulf Coast Bank and Trust Company, and that he has read the Complaint filed herein and that all of the facts alleged in said Complaint are true and correct, to the best of his knowledge, information and belief.

WAYNE A. MAIORANA, JR.

SWORN TO AND SUBSCRIBED
before me, Notary, this
4th day of December
2012.

NOTARY PUBLIC

MICHELLE L. BALLINGER
Notary Public #66516
Parish of Orleans, State of Louisiana
My Commission is for Life